**F I L E D**
CLERK, U.S. DISTRICT COURT

11/14/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RYO _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>ELIJAH ISAIAH POTTS and<br>DEVIN MATTHEW THOMAS,<br><br>          Defendants. | CR 2:25-cr-00940-JWH<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1951(a): Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce by Robbery; 18 U.S.C. § 924(c)(1)(A)(ii): Possess, Use, Carry, and Brandish a Firearm in Furtherance of, and During and in Relation to, a Crime of Violence; 18 U.S.C. § 2119(1): Attempted Carjacking; 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C), 982 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   Los Cerritos Center was a shopping center located at 239 Los Cerritos Center, Cerritos, California, within the Central District of California.  Los Cerritos Center leased space to multiple national and international businesses.  Businesses operating in Los Cerritos Center accepted payment for various services via credit card

and provided services to customers from outside California and outside the United States.  Businesses operating in Los Cerritos Center purchased, sold, and distributed products in and affecting interstate and foreign commerce, including products from outside California.

2.   Westfield Fashion Square Mall was a shopping center located at 14006 Riverside Drive, Sherman Oaks, California, within the Central District of California.  Westfield Fashion Square Mall leased space to multiple national and international businesses.  Businesses operating in Westfield Fashion Square Mall accepted payment for various services via credit card and provided services to customers from outside California and outside the United States.  Businesses operating in Westfield Fashion Square Mall purchased, sold, and distributed products in and affecting interstate and foreign commerce, including products from outside California.  Westfield Fashion Square Mall was owned by a multinational corporation operating one of the world's largest shopping center portfolios.

3.   The Shops at Santa Anita was a shopping center located at 400 South Baldwin Avenue, Arcadia, California, within the Central District of California.  The Shops at Santa Anita leased space to multiple national and international businesses.  Businesses operating in The Shops at Santa Anita accepted payment for various services via credit card and provided services to customers from outside California and outside the United States.  Businesses operating in The Shops at Santa Anita purchased, sold, and distributed products in and affecting interstate and foreign commerce, including products from outside California.

4.    Interstate Highways 210 and 405 were major Interstate Highways and part of the Interstate Highway System in the United States.  The Interstate Highway System in the United States operated in, facilitated, and affected interstate and foreign commerce.

5.    The Grand Jury realleges these Introductory Allegations in each count of this Indictment.

3

COUNT ONE

[18 U.S.C. § 1951(a)]

[ALL DEFENDANTS]

A.    OBJECT OF THE CONSPIRACY

Beginning no later than on or about August 31, 2025, and continuing to at least on or about September 19, 2025, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendants ELIJAH ISAIAH POTTS and DEVIN MATTHEW THOMAS, and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by robbery, in violation of Title 18, United States Code, Section 1951(a).

B.    MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1.    Defendants POTTS and THOMAS, and other co-conspirators, would drive to shopping centers throughout Los Angeles and Orange Counties using interstate highways.

2.    Defendants POTTS and THOMAS would enter or circle the shopping centers to identify individuals to rob of merchandise or high-end watches.

3.    Defendants POTTS and THOMAS, and other co-conspirators, would follow selected victims to their homes, often by traveling on interstate highways, in order to rob those victims.

4.    Defendant POTTS would brandish a firearm and demand the victims' watches as the victims exited their vehicles at their homes.

4

5.    Following the robberies, defendants POTTS and THOMAS, and other co-conspirators, would flee the robbery locations using interstate highways.

C.    OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, defendants POTTS and THOMAS, and others known and unknown to the Grand Jury, committed overt acts within the Central District of California, including, but not limited to, the robberies charged in Counts Two through 13 of this Indictment.

COUNT TWO

[18 U.S.C. §§ 1951(a), 2(a)]

[DEFENDANT THOMAS]

On or about August 31, 2025, in Los Angeles County, within the Central District of California, defendant DEVIN MATTHEW THOMAS, and others known and unknown to the Grand Jury, each aiding and abetting the others, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly committing robbery, in that defendant THOMAS, and others known and unknown to the Grand Jury, unlawfully took and obtained property consisting of a Rolex watch valued at approximately $13,140, which had traveled in interstate and foreign commerce, belonging to Victim-1, from the person and in the presence of Victim-1, against Victim-1's will, after stalking Victim-1 at Los Cerritos Center and traveling on the Interstate Highway System, by means of actual and threatened force, violence, and fear of injury, immediate and future, to Victim-1's person and property, and property in Victim-1's custody and possession.

COUNT THREE

[18 U.S.C. §§ 924(c)(1)(A)(ii), 2(a)]

[DEFENDANT THOMAS]

On or about August 31, 2025, in Los Angeles County, within the Central District of California, defendant DEVIN MATTHEW THOMAS, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly used and carried a firearm during and in relation to, and possessed the firearm in furtherance of, a crime of violence, namely, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Two of this Indictment, and, in so doing, brandished the firearm.

7

COUNT FOUR

[18 U.S.C. §§ 1951(a), 2(a)]

[ALL DEFENDANTS]

On or about September 3, 2025, in Los Angeles County, within the Central District of California, defendants ELIJAH ISAIAH POTTS and DEVIN MATTHEW THOMAS, and others known and unknown to the Grand Jury, each aiding and abetting the others, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly committing robbery, in that defendants POTTS and THOMAS, and others known and unknown to the Grand Jury, unlawfully took and obtained property consisting of a Rolex watch valued at approximately $20,000, which had traveled in interstate and foreign commerce, belonging to Victim-2, from the person and in the presence of Victim-2, against Victim-2's will, after stalking Victim-2 at Westfield Fashion Square Mall and traveling on the Interstate Highway System, by means of actual and threatened force, violence, and fear of injury, immediate and future, to Victim-2's person and property, and property in Victim-2's custody and possession.

COUNT FIVE

[18 U.S.C. §§ 924(c)(1)(A)(ii), 2(a)]

[ALL DEFENDANTS]

On or about September 3, 2025, in Los Angeles County, within the Central District of California, defendants ELIJAH ISAIAH POTTS and DEVIN MATTHEW THOMAS, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly used and carried a firearm during and in relation to, and possessed the firearm in furtherance of, a crime of violence, namely, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Four of this Indictment, and, in so doing, brandished the firearm.

9

COUNT SIX

[18 U.S.C. §§ 1951(a), 2(a)]

[ALL DEFENDANTS]

On or about September 4, 2025, in Los Angeles County, within the Central District of California, defendants ELIJAH ISAIAH POTTS and DEVIN MATTHEW THOMAS, and others known and unknown to the Grand Jury, each aiding and abetting the others, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly committing robbery, in that defendants POTTS and THOMAS, and others known and unknown to the Grand Jury, unlawfully took and obtained property consisting of two Seiko watches valued at approximately $300 each, which had traveled in interstate and foreign commerce, belonging to Victim-3, a foreign national, and Victim-4, respectively, from the person and in the presence of Victim-3 and Victim-4, against Victim-3 and Victim-4's will, after stalking Victim-3 and Victim-4 at Los Cerritos Center and traveling on the Interstate Highway System, by means of actual and threatened force, violence, and fear of injury, immediate and future, to Victim-3 and Victim-4's persons and property, and property in their custody and possession.

COUNT SEVEN

[18 U.S.C. §§ 924(c)(1)(A)(ii), 2(a)]

[ALL DEFENDANTS]

On or about September 4, 2025, in Los Angeles County, within the Central District of California, defendants ELIJAH ISAIAH POTTS and DEVIN MATTHEW THOMAS, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly used and carried a firearm during and in relation to, and possessed the firearm in furtherance of, a crime of violence, namely, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Six of this Indictment, and, in so doing, brandished the firearm.

COUNT EIGHT

[18 U.S.C. §§ 1951(a), 2(a)]

[ALL DEFENDANTS]

On or about September 10, 2025, in Los Angeles County, within the Central District of California, defendants ELIJAH ISAIAH POTTS and DEVIN MATTHEW THOMAS, and others known and unknown to the Grand Jury, each aiding and abetting the others, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly committing robbery, in that defendants POTTS and THOMAS, and others known and unknown to the Grand Jury, unlawfully took and obtained property consisting of an Orient Mako watch valued at approximately $400, which had traveled in interstate and foreign commerce, belonging to Victim-6, from the person and in the presence of Victim-6, against Victim-6's will, after stalking Victim-6 at The Shops at Santa Anita and traveling on the Interstate Highway System, by means of actual and threatened force, violence, and fear of injury, immediate and future, to Victim-6's person and property, and property in Victim-6's custody and possession.

COUNT NINE

[18 U.S.C. §§ 924(c)(1)(A)(ii), 2(a)]

[ALL DEFENDANTS]

On or about September 10, 2025, in Los Angeles County, within the Central District of California, defendants ELIJAH ISAIAH POTTS and DEVIN MATTHEW THOMAS, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly used and carried a firearm during and in relation to, and possessed the firearm in furtherance of, a crime of violence, namely, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Eight of this Indictment, and, in so doing, brandished the firearm.

13

COUNT TEN

[18 U.S.C. §§ 1951(a), 2(a)]

[ALL DEFENDANTS]

On or about September 10, 2025, in Los Angeles County, within the Central District of California, defendants ELIJAH ISAIAH POTTS and DEVIN MATTHEW THOMAS, and others known and unknown to the Grand Jury, each aiding and abetting the others, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly committing robbery, in that defendants POTTS and THOMAS, and others known and unknown to the Grand Jury, unlawfully took and obtained property consisting of a watch belonging to Victim-7, from the person and in the presence of Victim-7, against Victim-7's will, after stalking Victim-7 at Los Cerritos Center and traveling on the Interstate Highway System, by means of actual and threatened force, violence, and fear of injury, immediate and future, to Victim-7's person and property, and property in Victim-7's custody and possession.

14

COUNT ELEVEN

[18 U.S.C. §§ 924(c)(1)(A)(ii), 2(a)]

[ALL DEFENDANTS]

On or about September 10, 2025, in Los Angeles County, within the Central District of California, defendants ELIJAH ISAIAH POTTS and DEVIN MATTHEW THOMAS, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly used and carried a firearm during and in relation to, and possessed the firearm in furtherance of, a crime of violence, namely, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Ten of this Indictment, and, in so doing, brandished the firearm.

COUNT TWELVE

[18 U.S.C. §§ 1951(a), 2(a)]

[ALL DEFENDANTS]

On or about September 19, 2025, in Los Angeles County, within the Central District of California, defendants ELIJAH ISAIAH POTTS and DEVIN MATTHEW THOMAS, and others known and unknown to the Grand Jury, each aiding and abetting the others, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly committing robbery, in that defendants POTTS and THOMAS, and others known and unknown to the Grand Jury, unlawfully took and obtained property consisting of a Rolex watch, which had traveled in interstate and foreign commerce, belonging to Victim-8, from the person and in the presence of Victim-8, against Victim-8's will, after stalking Victim-8 at Los Cerritos Center and traveling on the Interstate Highway System, by means of actual and threatened force, violence, and fear of injury, immediate and future, to Victim-8's person and property, and property in Victim-8's custody and possession.

16

COUNT THIRTEEN

[18 U.S.C. §§ 924(c)(1)(A)(ii), 2(a)]

[ALL DEFENDANTS]

On or about September 19, 2025, in Los Angeles County, within the Central District of California, defendants ELIJAH ISAIAH POTTS and DEVIN MATTHEW THOMAS, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly used and carried a firearm during and in relation to, and possessed the firearm in furtherance of, a crime of violence, namely, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Twelve of this Indictment, and, in so doing, brandished the firearm.

17

COUNT FOURTEEN

[ALL DEFENDANTS]

[18 U.S.C. §§ 2119(1), 2(a)]

On or about September 5, 2025, in Orange County, within the Central District of California, defendants ELIJAH ISAIAH POTTS and DEVIN MATTHEW THOMAS, and others known and unknown to the Grand Jury, each aiding and abetting the others, with the intent to cause death and serious bodily harm, attempted to take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, from the person and presence of another, namely, Victim-5, by force and violence and by intimidation.

18

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 981(a)(1)(C), 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One, Two, Four, Six, Eight, Ten, or Twelve of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

a.   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses;

b.   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

c.   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

19

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Three, Five, Seven, Nine, Eleven, or Thirteen of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

a. All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

21

FORFEITURE ALLEGATION THREE

[18 U.S.C. §§ 982 and 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982 and 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count Fourteen of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any and all property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such violation;

(b)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

22

value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

KEVIN J. BUTLER
Assistant United States Attorney
Acting Chief, Major Crimes Section

JENA A. MACCABE
Assistant United States Attorney
Acting Deputy Chief, Major Crimes Section

23